J-A17021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| LOUANN M. MERGL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID G. KILLA, ANITA H. CHURLIK | : | No. 1899 WDA 2017 |
| AND MERCER COUNTY COMMUNITY | : | |
| FEDERAL CREDIT UNION | : | |

Appeal from the Order November 20, 2017
In the Court of Common Pleas of Mercer County
Civil Division at No(s): No. 2014-03528

BEFORE: OTT, J., KUNSELMAN, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY OTT, J.: FILED OCTOBER 31, 2018

Because I am of the view that the trial court correctly concluded the affidavit of LouAnn M. Mergl does not create a genuine issue of material fact precluding entry of summary judgment in favor of David G. Killa, Anita H. Churlik, and Mercer County Community Federal Credit Union ("Appellees"), I respectfully dissent.

Our scope and standard of review of a motion granting summary judgment is well settled:

'[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.' Atcovitz v. Gulph Mills Tennis Club, Inc., 571 Pa. 580, 812 A.2d 1218, 1221 (2002); Pa.R.C.P.No. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. Toy v.

> Metropolitan Life Ins. Co., 593 Pa. 20, 928 A.2d 186, 195 (2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt." Id. On appellate review, then
>
>> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals.
>>
>> Weaver v. Lancaster Newspapers, Inc., 592 Pa. 458, 926 A.2d 899, 902-03 (2007) (internal citations omitted). To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. Id. at 903.

Yenchi v. Ameriprise Fin., Inc., 161 A.3d 811, 818 (Pa. 2017), quoting

Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010).

Relevant to the issue at hand, a person cannot file a cause of action alleging a violation of the Pennsylvania Human Relations Act[1] (PHRA) in the court of common pleas unless he or she first exhausts his or her administrative remedies. 43 P.S. § 962. In order to proceed with an action under the PHRA, a person claiming to be aggrieved by an alleged unlawful discriminatory practice must file a complaint with the Pennsylvania Human Relations Commission (PHRC) within 180 days after the alleged discriminatory act occurred. 43 Pa.C.S. § 959(h). The complaint must be verified and "state

_____

[1] 43 P.S. § 951 et seq.

the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful discriminatory practice complained of, and which shall set forth the particulars thereof and contain such other information as may be required by the Commission." 43 Pa.C.S. § 959(a).   See also 16 Pa. Code § 42.32.

Here, the record contains Mergl's PHRC complaint that bears a time-stamp of December 12, 2011, 336 days after her termination date of January 10, 2011.  The PHRC dismissed Mergl's complaint on November 19, 2012, indicating it found no probable cause for the discrimination claim.  Mergl then initiated this action in the Court of Common Pleas of Mercer County on November 19, 2014.

On August 30, 2017, Appellees filed a motion for summary judgment, arguing, inter alia, Mergl had failed to exhaust mandatory statutory remedies under the PHRA because she filed an untimely complaint with the PHRC on December 12, 2011.  Mergl did not file a response to the motion, but did file of record a brief with an attached affidavit.  In the sworn affidavit, Mergl stated:

> I, LouAnn M. Mergl, hereby verify to the best of my knowledge, information, and belief that my charge of discrimination filed with the Pennsylvania Human Relations Commission was received by them and accepted on July 11, 2011.[2]

_____

[2] The 180th day after January 10, 2011, fell on Saturday, July 9, 2011. Therefore, the filing deadline expired on Monday, July 11, 2011.  See 1 Pa.C.S. § 1908 (Computation of time).

Affidavit, dated 9/12/2017, attached as Exhibit 1 to Plaintiff's Brief in Opposition to Summary Judgment, filed 9/13/2017.

Based on this record, the trial court determined Mergl had not demonstrated any genuine issue of fact as to whether or not she exhausted her statutory remedies in a timely manner on her claims for disability discrimination and retaliation. The trial court reasoned:

> Even if this Court could consider [Mergl's] affidavit, the evidence would still fail to indicate the existence of a genuine issue of material fact. The PHRA specifically requires the timely filing of a "complaint," not a "charge of discrimination," as alleged in the affidavit. Any other document [Mergl] may have sent to the PHRC was not a substitute for a proper complaint. Although a PHRC regulation allows a [p]laintiff to benefit from the filing date of a prior complaint that did not fully satisfy the statute's requirements,[1] [Mergl] has neither averred that she filed a prior complaint nor presented a copy of any prior filing from which this Court could determine the applicability of this regulation. Similarly, [Mergl] has not argued that the time limit for filing her PHRC complaint was subject to waiver, estoppel, or equitable tolling, pursuant to 43 P.S. § 962(e).
>
> _____
>
> [1] 16 Pa. Admin. Code 42.14(d) states, "Complaints that are not verified or that do not otherwise fully conform with a requirement of a complaint before the Commission will be considered filed on the date received by the Commission but may be quashed, as justice may require, if the nonconformity is not remedied by amendment or otherwise within a reasonable time."
>
> _____

Trial Court Opinion, 11/21/2017, at 3-4 (some footnotes omitted). I agree with the trial court.

Pennsylvania Rule of Civil Procedure 1035.4 states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein. Verified or certified copies of all papers or parts thereof <u>referred to in an affidavit</u> shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

Pa.R.C.P. 1035.4 (emphasis and underlining supplied).

Here, Mergl's sworn affidavit reveals nothing about what was filed and received by the PHRC by July 11, 2011. Ignoring the requirements of Rule 1035.4, supra, Mergl, while referring to her "charge of discrimination" in the affidavit, did not attach a copy of the "charge of discrimination," or any other documentation, for that matter. As such, the affidavit did not create a genuine issue as to whether Mergl initiated an action under the PHRA by July 11, 2011. See 43 P.S. § 959(a); 16 Pa. Code § 42.32.

Accordingly, I would affirm the grant of summary judgment on the basis of the trial court's rationale that the affidavit fails as a matter of law and, therefore, there is no genuine issue of material fact regarding Mergl's failure to exhaust her administrative remedies.

Thus, I respectfully dissent.